## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL HERMAN TIMBERLAKE,

    Petitioner,

v.

                               Civil Action No.:  JKB-20-3095

STATE OF MARYLAND, et al.,

    Respondents.

## MEMORANDUM

Petitioner Michael Herman Timberlake who is incarcerated in the Howard County Detention Center in Jessup, Maryland, filed the above-captioned Petition for Writ of Habeas Corpus. ECF No. 1.

In his petition, Timberlake seeks to challenge the decision by a Judge of the Circuit Court for Howard County to hold him without bond pending his trial. ECF No. 1. Timberlake also contends that the State of Maryland has failed to bring him to trial within 180 days of his indictment as required under Maryland law, the Interstate Agreement on Detainers Act (IAD), and in violation of his rights to due process, equal protection, and a speedy trial. *Id.* at 3.

Timberlake explains that on May 15, 2019, a warrant for his arrest was issued charging him with first degree burglary, third degree burglary, fourth degree burglary and malicious destruction of property. *Id.* at 3. On June 5, 2019, he was arrested by "Howard County Marshal Service in Washington D.C." *Id.* He remained in the custody of District of Columbia and on June 7, 2019, was advised that there was "a detainer lodged against him based on a statement of charges filed in the District Court of Howard County, Md and also his right to invoke IAD." *Id.* at 7.

On October 4, 2019, while serving a 23 month sentence at Federal Correctional Institution (FCI) -Raybrook in New York, Timberlake requested, pursuant to the IAD, disposition of his untried charges. *Id.* at 7.[1] Timberlake states that as a result of his request the case then pending in the District Court of Maryland for Howard County (Case No. D-101-CR-19-001249) was dismissed and an indictment filed in the Circuit Court for Howard County in Case No. C-15-CR-19-000777 based on the same underlying facts. *Id.* On November 22, 2019, Timberlake was transferred from FCI-Raybrook to the Howard County Detention Center for prosecution of the untried Maryland charges. *Id.* at 7–9.

On March 17, 2020, Timberlake was advised that the courts were shutdown. *Id.* at 8. In April of 2020, Timberlake was advised that his trial date was postponed indefinitely. *Id.* On April 28, 2020, he had a bond review hearing via video where bond was denied. *Id.* at 11.

Timberlake appeared before a Judge of the Circuit Court via video in June and July of 2020 and on each occasion his trial was postponed. *Id.* at 11. Timberlake's Motion to Dismiss the Howard County charges for violation of the IAD was denied with the court finding that because of the Administrative Order closing the courts, "the 180 day deadline of the IAD does not apply or warrant a dismissal." *Id.* at 13.

Timberlake's trial continued to be postponed throughout 2020 (*id.* at 13–15) and, at the time Respondents' filed a response to the petition, Timberlake's trial was scheduled for June 7, 2021. ECF No. 17. A review of the Maryland Judiciary Case Search reflects that on April 8, 2022, Timberlake entered a not guilty plea on an agreed statement of facts, was found guilty of first

---

[1] Timberlake's allegations do not explain what occurred between June 7 and October 4, 2019 or how he went from being incarcerated in D.C. jail to an FCI in New York.

degree burglary, and sentenced to a 15-year term of confinement, with all but 4 years suspended.[2]
He has noted a timely appeal which remains pending.

Timberlake's petition has been construed as one filed pursuant to 28 U.S.C. § 2241,
because at the time of filing he had not yet been convicted of an offense and was therefore not "in
custody" pursuant to a State judgment. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016).
Pretrial federal habeas relief is available under § 2241 if the petitioner is (1) in custody, (2) has
exhausted state court remedies, and (3) special circumstances exist that justify intervention by the
federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is
established where both the operative facts and controlling legal principles of each claim have been
fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)
(citations omitted).

Here, at the time of filing Timberlake had not exhausted his available state court remedies
because he did not file a petition for writ of habeas corpus in state court as he was authorized to
do. *See generally* Md. Code Ann., Cts. & Jud. Proc. §§ 3-701, 3-707; Md. Rule 15-303(b).
Timberlake concedes that he did not file a state habeas petition, in essence arguing that he believed
any further motions filed in the state court would have been futile. ECF No. 20 at 2.

Further, in the pretrial context, federal courts must abstain from exercising jurisdiction over
a claim that may be resolved through trial of the merits or by other state procedures available for
review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973).
This is because special circumstances justifying this court's intervention ordinarily do not exist
where there are procedures in place to protect petitioner's constitutional rights. *See Moore v.
DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses

---

[2] https://casesearch.courts.state.md.us/casesearch/inquiry

pretrial federal habeas relief); *see also Younger v. Harris*, 401 U.S. 37 (1971). *But see Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because the constitutional right claimed would be violated if petitioner went to trial). Because Timberlake's claim that he was illegally confined without bond may be litigated in the State courts following a trial on the merits of the charges against him without harm to his constitutional rights, special circumstances justifying federal intervention do not exist. Further, in light of Timberlake's recent conviction, his habeas claim regarding bond is now moot.

Lastly, to the extent that Timberlake challenges the State's failure to dispose of the charges against him within the time set out under the IAD, this claim is also unavailing. In denying Timberlake's Motion to Dismiss, the state court found that due to the series of emergency orders issued by the Chief Judge of the Maryland state court which halted jury trials during the COVID-19 pandemic, the 180 days under the IAD had been tolled for good cause. ECF No. 17-1 at 32-33; *see also id.* at 49-50 (Administrative Judge decision of June 22, 2020, finding good cause for Timberlake's case extending beyond 180 days due to the COVID pandemic). Where, as here, there is no showing of prejudice, a claim that a petitioner was not brought to trial under the IAD within the 180-day period does not involve a "fundamental defect" in the proceedings and therefore provides no relief. *Kerr v. Finkbeiner*, 757 F. 2d 604, 607 (4th Cir. 1985).

By separate Order which follows, the petition shall be dismissed.

Dated this  10  day of  May , 2022.

FOR THE COURT:

James K. Bredar
Chief Judge

4